PHILLIP A. TALBERT
Acting United States Attorney
KIMBERLY A. SANCHEZ
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 1:21-MJ-00032 SAB |
|---|---|
| Plaintiff, | STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; FINDINGS AND ORDER |
| v. | |
| MARC DAVIS, | DATE: May 21, 2021 |
| Defendant. | TIME: 2:00 p.m. |
| | COURT: Hon. Erica P. Grosjean |

This case is set for a preliminary hearing on May 21, 2021. The parties agree and stipulate to continue the preliminary hearing until June18, 2021. The government anticipates it may not have an opportunity to present the matter to a grand jury as it anticipates the grand jury will not convene during the week of May 3, 2021 (originally unanticipated availability). On April 17, 2020, this Court issued General Order 617, which suspends all jury trials in the Eastern District of California scheduled to commence before June 15, 2020, and allows district judges to continue all criminal matters to a date after June 1. On May 13, 2020, this Court issued General Order 618, which suspends all jury trials in the Eastern District of California until further notice, and allows district judges to continue all criminal matters. This and previous General Orders were entered to address public health concerns related to COVID-19.

Pursuant to F.R.Cr.P. 5.1(c) and (d), a preliminary hearing must be held "no later than 14 days after initial appearance if the defendant is in custody," unless the defendant consents and there is a

"showing of good cause", or if the defendant does not consent and there is a "showing that extraordinary circumstances exist and justice requires the delay." Here, the defendant consents and there is good cause.

Although the General Orders address the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A). *Id.* at 507. Moreover, any such failure cannot be harmless. *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—General Orders 611, 612, and 617 require specific supplementation. Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

The General Orders exclude delay in the "ends of justice." 18 U.S.C. § 3161(h)(7) (Local Code T4). Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances. For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption. *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981). The court recognized that the eruption made it impossible for the trial to proceed. *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency). The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

In light of the societal context created by the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4). If continued, this Court should designate a new date for the preliminary hearing. *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

## STIPULATION

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1. By previous order, this matter was set for preliminary hearing on May 21, 2021.

2. By this stipulation, defendant now moves to continue the preliminary hearing until **June 18, 2021, at 2:00 p.m.** and to exclude time between May 21, 2021, and June 18, 2021, under Local Code T4.

3. The parties agree and stipulate, and request that the Court find the following:

   a) The government has represented that initial discovery associated with this case consists primarily of reports, criminal history, recordings and photographs. The government has already provided some of the reports to defendant, and is working with defense counsel on a stipulation regarding additional discovery consisting of photographs and body camera recordings.

   b) The parties have begun discussing a potential pre-indictment resolution, the government has since the last continuance provided a plea offer, and need additional time to proceed with those discussions.

   c) Counsel for defendant desires additional time to review the discovery, consult with this client, conduct further investigation, and discuss a possible resolution with the government. She has multiple other time-sensitive matters, including trial preparation that affect the timing of this matter.

   d) Counsel for defendant believes that failure to grant the above-requested continuance would deny him the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

  e)  The government does not object to the continuance.

  f)  Pursuant to F.R.Cr.P. 5.1(c) and (d), a preliminary hearing must be held "no later than 14 days after initial appearance if the defendant is in custody," unless the defendant consents and there is a "showing of good cause". Here, the defendant consents and there is good cause as set forth herein.

  g)  In addition to the public health concerns cited by General Order 617 and presented by the evolving COVID-19 pandemic, an ends-of-justice delay is particularly apt in this case because counsel and other relevant individuals have been encouraged to telework and minimize personal contact to the greatest extent possible. It will be difficult to avoid personal contact should the preliminary hearing proceed.

  h)  Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in an indictment or trial within the original dates prescribed by the Speedy Trial Act.

  i)  For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which an indictment must be filed and within which a trial must commence, the time period of May 21, 2021 to June 18, 2021, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy indictment/trial.

**[Remainder of page intentionally left blank.]**

4. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which an indictment must be filed and a trial must commence.

IT IS SO STIPULATED.

Dated: May 18, 2021
PHILLIP A. TALBERT
Acting United States Attorney

/s/ KIMBERLY A. SANCHEZ
KIMBERLY A. SANCHEZ
Assistant United States Attorney

Dated: May 18, 2021
/s/ J AYA C. GUPTA
J AYA C. GUPTA
Counsel for Defendant
MARC DAVIS

**FINDINGS AND ORDER**

The preliminary hearing shall be continued until **June 18, 2021, at 2:00 p.m.** and time shall be excluded between May 21, 2021, and June 18, 2021, because the ends of justice served by continuing the case as requested outweigh the interest of the public.

IT IS SO ORDERED.

Dated: **May 18, 2021**
/s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE